(Reap Dec. 10729)

Y. HATA & COMPANY, LIMITED, ET AL. v. UNITED STATES

Entry No. 2867, etc.

(Decided April 28, 1964)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That this stipulation is limited to the items marked "A" and initialed RS (Examiner's Initials) by Examiner Ronald Sakamoto (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" annexed, and is abandoned as to all other merchandise.

2. That the merchandise was imported prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

3. That the merchandise consists of canned clams of the type made dutiable upon the basis of the American selling price of a like or similar domestic article, as such American selling price is defined in Section 402(g), Tariff Act of 1939 as it existed prior to said Customs Simplification Act, by the operation of Presidential Proclamation 2081, T.D. 47031.

4. That the merchandise and the issues are similar in all material respects to those involved in *Geo. S. Bush & Co., Inc.*, v. *United States*, A.R.D. 140, and that the record in the cited case may be incorporated herein.

5. That the merchandise herein consists of packs of 5¼ and 5½ ounce tins and that on or about the date of exportation, the American selling price of a "like" domestic clam, as defined in said Section 402(g), was $3.75 per two dozen tins, less 1½ per centum cash discount, less one-tenth of 1 per centum swell allowance, net packed.

6. The appeals listed on said Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the cited decision on the law, we hold that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is American selling price, as defined in section 402(g) of the Tariff Act of 1930, as amended, and that such statutory value therefor is $3.75 per 2 dozen tins, less 1½ per centum cash discount, less one-tenth of 1 per centum swell allowance, net, packed.

As to all other merchandise, not heretofore identified, included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.